**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan RIOS–RIOS, a/k/a Servando Rios–Rios, a/k/a Angel Rios–Martinez,**
**Defendant–Appellant.**

**No. 14–4076.**

United States Court of Appeals,
Fourth Circuit.

Submitted: Nov. 18, 2014.

Decided: Nov. 20, 2014.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Rios–Rios pled guilty to illegal reentry of an aggravated felon, under 8 U.S.C. § 1326(a), (b)(2) (2012), and was sentenced to sixty months of imprisonment. On appeal, Rios–Rios challenges the sixteen-level enhancement to his Sentencing Guidelines range, arguing that his North Carolina conviction for taking indecent liberties with a child is not a "crime of violence" for purposes of the illegal reentry Guideline. *U.S. Sentencing Guidelines Manual* (USSG) § 2L1.2(b)(1)(A)(ii) (2013).

Rios–Rios' argument is foreclosed by circuit precedent. In *United States v. Perez–Perez,* 737 F.3d 950, 952 (4th Cir. 2013), *cert. denied,* —— U.S. ——, 135 S.Ct. 102, —— L.Ed.2d ——, 2014 WL 2514329 (Oct. 6, 2014) (No. 13–10374), we held that taking indecent liberties with a minor under N.C. Gen.Stat. § 14–202.1(a) (2013), qualifies categorically as sexual abuse of a minor and therefore is a crime

of violence within the meaning of USSG § 2L1.2(b)(1)(A); *see United States v. Diaz–Ibarra,* 522 F.3d 343 (4th Cir.2008).

Accordingly, we affirm Rios–Rios' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED.*